■ ALAN GORDON, an Infant, by His Guardian ad Litem, GEORGE GORDON, et al., Appellants, v. ROMAN AGARONIAN, Respondent. (Action No. 1.) ROMAN AGARONIAN, Third-Party Plaintiff-Respondent, v. GEORGE GORDON, Third-Party Defendant-Appellant. (Action No. 2.) — On August 9, 1953 there was a collision between the automobiles of the third-party plaintiff Agaronian and the third-party defendant Gordon, as the result of which Gordon's two minor children were injured. On August 26, 1953 the claims of Gordon's children were settled by payment of $125 to each, although there was no compliance with the procedure required by statute for the settlement of infants' claims (Civ. Prac. Act, art. 80). Instead, Gordon and his wife executed "Parents' Release and Indemnity Agreement[s]", releasing the infants' claims and indemnifying Agaronian for any "additional" sums which he may thereafter be compelled to pay on account of the injuries to the infants. In September, 1954 the infants commenced an action to recover damages for personal injuries sustained in the accident. Thereafter, Agaronian commenced a third-party action against Gordon on the indemnity agreements of August 26, 1953. Gordon moved to dismiss the third-party complaint, but the motion was denied by order of July 9, 1956. Thereafter Gordon, his wife, and the two infants commenced what is described as Action No. 3 to declare the August 26, 1953 instruments void. On September 4, 1957 the motion of the Gordons for judgment on the pleadings was granted. By order dated December 10, 1957 reargument was granted and, on reargument, the original decision was adhered to. That order declared the August 26, 1953 instruments null and void as contrary to public policy. In January, 1958, the infants and Gordon moved to strike out Agaronian's answer and the third-party complaint. The motion was denied and the infants and Gordon appeal. Order modified by striking from the ordering paragraph everything following the words "hereby is" and by substituting therefor the words "granted to the extent of dismissing the third-party complaint, and in all other respects the motion is denied." As so modified, order affirmed, with $10 costs and disbursements to appellants. Treating the motion as one under subdivision 4 of rule 107 or under rule 113 of the Rules of Civil Practice, the third-party complaint based on the indemnity agreements must be dismissed in view of the final and binding determination that the agreements were null and void. However, the issues of negligence and contributory negligence in Action No. 1 must be tried. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.